Akhmedova v Akhmedov (2020 NY Slip Op 07694)





Akhmedova v Akhmedov


2020 NY Slip Op 07694


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 155688/18 Appeal No. 12382-12382A Case No. 2020-01660 

[*1]Tatiana Akhmedova, Plaintiff-Respondent,
v
Farkhad Akhmedov, Defendant-Appellant, Cotor Investment, S.A., et al., Defendants.


Greenberg Traurig, LLP, New York (Jason H. Kislin of counsel), for appellant.
Holland & Knight LLP, New York (James H. Power of counsel), for respondent.



Resettled order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered January 27, 2020, which granted plaintiff's motion for summary judgment in lieu of complaint in an action seeking recognition and enforcement of foreign country money judgments pursuant to CPLR article 53, and awarded plaintiff money damages based on the foreign judgments, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 30, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the resettled order and judgment.
In this action brought pursuant to CPLR article 53, plaintiff seeks recognition of money judgments granted to her by the English High Court of Justice, Family Division, in 2016 and 2018 (collectively, the English judgment) in the proceedings to dissolve her marriage to defendant Akhmedov (hereinafter, defendant). Defendant argues that the action should be dismissed because he (1) is not subject to either in personam or in rem jurisdiction in New York and (2) has raised substantive statutory defenses to the enforcement of the English judgment (see AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93, 94, 111 [1st Dept 2018]). For the reasons set forth below, we find that defendant's arguments for denying the English judgment recognition and enforcement are wholly lacking in evidentiary support and otherwise meritless on their face, rendering inapposite the AlbaniaBEG decision (in which the asserted defenses to enforcement of the foreign judgment were "colorable" [id. at 94] and "nonfrivolous" [id. at 111 n 20]) and permitting this action to proceed even in the absence of an in personam or in rem jurisdictional predicate (cf. Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 611 [1st Dept 2014] [an Article 53 action did not require a jurisdictional predicate where the defendant "d(id) not argue . . . that any grounds for nonrecognition of a foreign country money judgment exist(ed)"]).
Defendant contends that the English court was not an "impartial tribunal[]" within the meaning of CPLR 5304(a)(1) because his attorney was compelled to respond to plaintiff's subpoena and to testify in the proceedings, pursuant to a ruling of the English court that, he argues, was not compatible with the requirements of due process of law. However, because the statute refers to "a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law" (CPLR 5304[a][1] [emphasis added]), it "cannot be relied upon to challenge the legal processes employed in a particular litigation on due process grounds" (Harvardsky Prumyslovy Holding, A.S.-V Likvidaci v Kozeny, 166 AD3d 494, 495 [1st Dept 2018] [internal quotation marks omitted]). Accordingly, defendant's invocation of CPLR 5304(a)(1) as a basis for denying recognition to the English judgment is meritless and noncolorable on its face. 
Similarly meritless [*2]on its face is defendant's argument that CPLR 5304(b)(4) affords him a basis for opposing recognition of the English judgment. Neither the cause of action before the English court — a matrimonial proceeding to distribute marital property — nor that court's ruling permitting plaintiff to call defendant's attorney to testify as to allegedly hidden assets (based on exceptions to attorney-client privilege also recognized in New York law) was "repugnant to the public policy of this state" (CPLR 5304[b][4]).
Finally, defendant failed to submit any admissible evidence to substantiate his assertion that the English judgment "conflicts with another final and conclusive judgment" (CPLR 5304[b][5]). Defendant now claims that the parties' marriage was dissolved by a Russian divorce judgment in 2000, which judgment somehow disappeared from the files of the Russian court. However, not only did defendant fail to submit any copies of the alleged 2000 judgment, but, also, his own affidavit submitted in opposition to plaintiff's motion deals solely with jurisdictional matters and does not say a single word about the alleged 2000 judgment. A representative of the Russian firm Scheglov & Partners (Irina Scheglova) submitted a document denominated an "affidavit," in which she asserts that a judgment divorcing the parties was entered in a court in Moscow in 2000, and that the court file containing it somehow became lost.[FN1] Scheglova's "affidavit" is not admissible, however, because it is neither sworn nor notarized, and because it does not conform to the requirements of CPLR 2106(b) for an affirmation made by a person (other than an attorney, physician, osteopath or dentist licensed to practice in New York) outside the United States. Moreover, Scheglova, who does not claim to have been representing defendant in 2000, does not state the basis for her assertion that a divorce judgment was entered in Russia in 2000. Accordingly, that unsworn assertion - the only submission in the record that defendant claims to constitute evidence that such a judgment ever existed - is inadmissible, even apart from the technical defects of the "affidavit" containing it.
In sum, because defendant has not submitted any admissible evidence tending to substantiate the existence of the alleged judgment on which he bases his invocation of CPLR 5304(b)(5), he has failed to "place[] in question" (AlbaniaBEG, 160 AD3d at 108) the English judgment's entitlement to recognition under that provision. Accordingly, this case is controlled by Abu Dhabi rather than AlbaniaBEG, and this action for recognition and enforcement of the English judgment may proceed even in the absence of in personam or in rem jurisdiction.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020



Footnotes

Footnote 1: Scheglova further avers that plaintiff surreptitiously obtained an order "annulling" the lost judgment in 2004, and that defendant is currently pursuing litigation in Russia to reinstate that judgment (so far, unsuccessfully). Defendant does not explain why he has not submitted a copy of the order annulling the alleged 2000 judgment.